UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENNIS T. NELSON,

                                               Plaintiff,                9:06-CV-0414
                                                                                 (GLS)(GJD)
              v.

S. NICHOLN, R.N.,

                                               Defendant.
_____

APPEARANCES:

DENNIS T. NELSON
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## DECISION and ORDER

      Presently before the Court for review is an amended complaint filed by plaintiff Dennis T. Nelson.  Dkt. No. 6.  The amended complaint was submitted by Nelson in compliance with the Decision and Order issued by this Court on June 6, 2006 ("June Order").  Dkt. No. 4.  For the reasons discussed below, the Court finds that the amended complaint fails to state a claim upon which relief may be granted and, therefore, dismisses this action.

      In the June Order, the Court advised Nelson that his original complaint did not provide sufficient facts to allow the Court to assess the

adequacy and timeliness of his claims. Dkt. No. 4 at 3.

A review of Nelson's amended complaint reveals that it fails to comply with the June Order. Nelson continues to allege that the defendant denied him sick call. Dkt. No. 6 at 1. Although Nelson does not provide a statement of his causes of action, it appears that Nelson is claiming the defendant denied him adequate medical treatment. In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The standard of deliberate indifference includes both subjective and objective components. "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (citation omitted). Second, the defendant "must act with a sufficiently culpable state of mind." *Id.* An official acts with the requisite deliberate indifference when that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Mere disagreement with prescribed treatment does not rise to the level of a constitutional claim. *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y. 1992). Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id.* (citation omitted). An inmate does not have the right to treatment of his choice. *Id.* (citing *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Negligence by physicians, even amounting to malpractice, does not become a constitutional violation merely because the plaintiff is an inmate; claims of malpractice or disagreement with treatment are not actionable under § 1983. *Murphy v. Grabo*, No. 94-CV-1684 1998 WL 166840 (N.D.N.Y., Apr 9, 1998) (Pooler, D.J.).

Nelson states in his amended complaint that the condition of his leg worsened after defendant denied his emergency sick call. Dkt. No. 6 at 1. Nelson does not, however, allege that defendant knew of and disregarded an excessive risk to his health or safety.[1]

Nelson has not provided the Court with any information regarding his exhaustion of administrative remedies. The Prison Litigation Reform Act of

---

[1] As previously noted in the June Order, Nelson is an experienced litigator. Nelson has now filed a total of twenty-one other actions in this District, including several that relate to the denial of adequate medical care for his leg.

1996 ("PLRA") provides in section 7 thereof that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). According to the Supreme Court, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002).

Although Nelson does not provide any information regarding the exhaustion of available administrative remedies, he did state in his original complaint that he did not utilize Great Meadow's grievance procedure "because the C.O.'s throw them out!" Dkt. No. 1 at 3. Because Nelson has failed to exhaust his claims through the grievance procedure available to him at Great Meadow, his complaint is subject to dismissal under section 7 of the PLRA.

In light of the foregoing and for the reasons set forth in the June Order, the Court finds that Nelson's amended complaint fails to state a claim upon which relief may be granted. The Court hereby dismisses this

action.

WHEREFORE, it is hereby

ORDERED, that this action is **dismissed** without prejudice due to Nelson's failure to file an amended complaint which states a claim upon which relief may be granted, and it is further

ORDERED, that the Clerk serve a copy of this Order on Nelson by regular mail.

IT IS SO ORDERED.

November 29, 2006
Albany, New York

_____
United States District Court Judge